353rd District Court

## Case Summary

### Case No. D-1-GN-23-007027

| | | |
|---|---|---|
| **JACOB RENFRO vs. RANDSTAD US, LLC,RYDER** | § | **Location:** **353rd District Court** |
| **INTEGRATED LOGISTICS INC.,RYDER INTEGRATED** | § | Judicial Officer: **353RD, DISTRICT COURT** |
| **LOGISTICS OF TEXAS, LLC** | § | Filed on: **10/03/2023** |

---

## Case Information

Case Type:  Discrimination
Case Status:  **10/03/2023  Open**

## Assignment Information

**Current Case Assignment**
Case Number    D-1-GN-23-007027
Court                353rd District Court
Date Assigned    10/03/2023
Judicial Officer   353RD, DISTRICT COURT

---

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **RENFRO, JACOB** | **LEMANSKI, ANDREW EDWARD**<br>*Retained* |
| **Defendant** | **RANDSTAD US, LLC** | **MANNING, STEPHANIE JOHNSON**<br>*Retained* |
| | **RYDER INTEGRATED LOGISTICS INC.** | Johnson, John Hunter<br>*Retained* |
| | **RYDER INTEGRATED LOGISTICS OF TEXAS, LLC** | Johnson, John Hunter<br>*Retained* |

---

## Case Events

| | | |
|---|---|---|
| 10/03/2023 | EXPEDITED ORIG PET RULE 169 (OCA) | |
| | *PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE* | |
| | Party:   Plaintiff RENFRO, JACOB | |
| 10/03/2023 | OTHER/NOTICE | |
| | *SERVICE REQUEST* | |
| 11/03/2023 | ORIGINAL ANSWER/WAIVER | |
| | *DEFENDANTS ORIGINAL ANSWER TO PLAINTIFF S ORIGINAL PETITION* | |
| | Party:   Defendant RYDER INTEGRATED LOGISTICS INC.; | |
| | Defendant RYDER INTEGRATED LOGISTICS OF TEXAS, LLC | |
| 11/06/2023 | ORIGINAL ANSWER/WAIVER | |
| | *DEFENDANT RANDSTAD US, LLC S ANSWER AND DEFENSES* | |
| | Party:   Defendant RANDSTAD US, LLC | |

---

## Service Events

10/05/2023   **Citation**

## EXHIBIT A

## Case Summary

**Case No. D-1-GN-23-007027**

RANDSTAD US, LLC
Unserved

10/05/2023    **Citation**
RYDER INTEGRATED LOGISTICS INC.
Unserved

10/05/2023    **Citation**
RYDER INTEGRATED LOGISTICS OF TEXAS, LLC
Unserved

10/3/2023 3:27 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-007027
Ruben Tamez

D-1-GN-23-007027

CAUSE NO. _____

| | | |
|---|---|---|
| JACOB RENFRO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | 353RD, DISTRICT COURT |
| vs. | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| RANDSTAD US. LLC: | § | |
| RYDER INTEGRATED | § | |
| LOGISTICS. INC.: and RYDER | § | |
| INTEGRATED LOGISTICS OF | § | |
| TEXAS, LLC | § | |
| | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JACOB RENFRO. hereinafter called Plaintiff, complaining of and about RANDSTAD US. LLC. RYDER INTEGRATED LOGISTICS. INC.. and RYDER INTEGRATED LOGISTICS OF TEXAS. LLC, hereinafter called Defendants. and for cause of action would show unto the court the following:

### INTRODUCTION

1.      This is a case of race discrimination brought by Plaintiff pursuant to TEXAS LABOR CODE ANN. §§ 21.051.   Plaintiff is a Caucasian male who is engaged to a woman of Colombian decent. and commonly communicates with her using Spanish.  Plaintiff was employed by Defendants.  While working for

1

**EXHIBIT A-1**

Defendants. Plaintiff was called "mono" and "gringo" and "white boy" by the putaway team. The same putaway team members also used certain epitaphs when describing black workers, and used Hispanic slurs when referring to one another. Plaintiff spoke Spanish to certain workers who did not speak English, or spoke limited English. One day. Plaintiff was told "The females decided that you were making fun of their language, they took offense to it." The speaker would not elaborate on what he meant by "The females." Plaintiff was fired shortly thereafter.

2.     This action seeks actual and exemplary damages because of the wrongful actions of Defendants.

3.     Discovery in this case is to be conducted under level two pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## REQUEST FOR DISCLOSURE

4.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within 50 days of service of this request. the information or material described in Rule 194.2.

## PARTIES AND SERVICE

5.     Plaintiff JACOB RENFRO is a white male. adult citizen of the United States and the State of Texas. Mr. Renfro resides in Travis County, Texas.

6.     Defendant RANDSTAD US. LLC is a Delaware Corporation

2

located at 120 PRESIDENTIAL WAY STE 100 WOBURN, MA 01801-1182, and may be served through its registered agent for service of process. CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO., 211 E. 7TH STREET SUITE 620 AUSTIN, TX 78701.

7.    Defendant RYDER INTEGRATED LOGISTICS, INC. is a Delaware Corporation located at 11690 N W 105 ST., MIAMI, FL 33178-1103, and may be served through its registered agent for service of process, CORPORATE CREATIONS NETWORK INC., 5444 WESTHEIMER #1000, HOUSTON, TX 77056.

8.    Defendant RYDER INTEGRATED LOGISTICS OF TEXAS, LLC is a Texas Corporation located at 5444 WESTHEIMER STE. 1000, HOUSTON, TX 77056, and may be served through its registered agent for service of process, CORPORATE CREATIONS NETWORK INC., 5444 WESTHEIMER #1000, HOUSTON, TX 77056.

## JURISDICTION AND VENUE

9.    This court has jurisdiction pursuant to the Texas Constitution and statutory authority. Venue is proper in Travis County, Texas because all or a substantial part of the acts of omissions giving rise to this cause of action occurred here. Plaintiff's damages at the time of the filing of this petition are in excess of the minimum jurisdictional limits of this court.

3

## CONDITIONS PRECIDENT AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.    All conditions precedent for the maintenance of this action have been fulfilled.  Plaintiff has exhausted his administrative remedies under state law.

## FACTS SUPPORTING RELIEF

11.    At all times relevant to this lawsuit. Defendants did business in Travis County. Texas and had more than 500 employees.

12.    At all times relevant to this lawsuit. all Defendants had the ability to hire and fire employees (including Plaintiff). set policy that effected Plaintiff, controlled the business. and were a vice-principal and/or alter-ego of one another such that they constituted one employer for purposes of law.

13.    On or about June 16. 2022. Defendants hired Mr. Renfro to perform work.

14.    Mr. Renfro performed his job well and without discipline or other problems.

15.    While working for Defendants. Plaintiff was dating a woman of Colombian decent. and commonly communicated with her using Spanish.

16.    Plaintiff spoke Spanish to certain workers who did not speak English. or spoke limited English.

17.    While working for Defendants. Plaintiff was called "mono" and

4

"gringo" and "white boy" by the putaway team.  The same putaway team members also used certain epitaphs when describing black workers, and used Hispanic slurs when referring to one another.

18.     Plaintiff did not report this because he did not want to lose his job.

## A.     Defendants' claims of a work place free of discrimination and promises regarding protecting employees from prohibited conduct.

19.     Defendants claim to have an Equal Employment Opportunity and Non-Discrimination and Workplace Harassment Policy.

20.     Defendants promise not to consider a person's race in any personnel or management decisions.

21.     Defendants' policy governs all employment activities including, but not limited to, benefits, layoffs, compensation, promotions, and discharge.

22.     The policy forbids race discrimination against employees such as Mr. Renfro.

23.     Defendants must protect their employees' financial safety from discrimination in the workplace.

24.     Defendants promise they will respect the dignity of every employee.

25.     Defendants promise to not tolerate any harassment of its employees based on a person's race.

26.     Defendants promise they treat any such harassment as a violation

5

of its policy and will treat it as a disciplinary matter.

## B. The termination.

27. On July 7, 2022, Plaintiff was contacted by a supervisor and informed some coworkers had an issue with him speaking Spanish at work.

28. Plaintiff was told that someone would talk to him later that day.

29. Plaintiff was sent home early that night.

30. The next day, July 8, 2022, Plaintiff received an e-mail asking him to give a statement before he went to work.

31. Plaintiff gave a brief statement and then went to work.

32. While at work Plaintiff was told Jonathan Gann would speak with him on July 11, 2022.

33. Plaintiff was then told by Kenya Davis that he was "good to stay."

34. Plaintiff otherwise completed his job duties on July 8, 2022, and then went home.

35. On July 9, 2022, Plaintiff received a notification that his job was ended due to a policy violation.

36. Plaintiff waited for Jonathan Gann to contact him on July 11, 2022 so he could get an explanation.

37. Jonathan Gann did not contact Plaintiff on July 11, 2022.

38. The next day, on July 12, 2022, Plaintiff brought up the issue with his new lead, Dustin.

6

39.    Plaintiff told Dustin about the derogatory names he was called previously.

40.    Dustin told Plaintiff how to contact human resources, but that he would have to do it on his own time.

41.    Later that day, Jonathan Gann terminated Plaintiff.

42.    During the conversation between Jonathan Gann and Plaintiff, Gann said Plaintiff was fired because "The females decided that you were making fun of their language, they took offense to it."

43.    The reference was to Plaintiff speaking Spanish to coworkers.

44.    Gann would not elaborate when Plaintiff asked him to do so.

45.    Plaintiff went home.

**C.    Mr. Renfro's EEOC charge of discrimination.**

46.    Mr. Renfro filed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division.

47.    The EEOC issued a "right to sue" letter on July 6, 2023, which was mailed to Mr. Renfro the same day.

48.    Before this lawsuit was filed, Plaintiff requested a "right to sue" letter from the Texas Workforce Commission Civil Rights Division.

49.    Mr. Renfro seeks no recovery pursuant to any federal statute and specifically sues defendants based upon the provisions of the Texas Labor Code.

50.    Mr. Renfro got a new job a few weeks after he was terminated.

7

## CAUSE OF ACTION
## TEXAS LABOR CODE ANN. § 21.001, ET SEQ.
## DISCRIMINATION BASED ON RACE

51.     Plaintiff realleges and incorporates by reference paragraphs 1-50 of
the Petition as if set forth at this point in the Petition verbatim.

52.     Defendants was an employer and Plaintiff was an employee,
person, and member of a protected class as defined by TEXAS LABOR CODE ANN.
§ 21.001 et seq. Plaintiff was entitled to the protections of TEXAS LABOR CODE
ANN. § 21.051.

53.     Defendants discriminated against Plaintiff on the basis of his race
in violation of TEXAS LABOR CODE ANN. § 21.051. Defendants fired Plaintiff on
the basis of his race in violation of TEXAS LABOR CODE ANN. § 21.051. Because
of this discrimination and discharge, Plaintiff was damaged.

54.     Plaintiff suffered an adverse, tangible employment action.

55.     Plaintiff was discriminated against because of his race.

56.     It is unlawful for an employer to discriminate against an employee
because of that employee's race.

57.     Defendant unlawfully fired Plaintiff because of his race.

58.     There is direct evidence of discrimination in this case.

59.     Alternatively, Defendants' reason(s) for the discharge is not true,
but is instead a pretext for discrimination.

60.     Defendant's reasons for termination are accompanied by a

8

suspicion of mendacity.

61.     Alternatively, the Defendants' reason, to the extent true (and Plaintiff disputes that it is true), is only one of the reasons for their conduct, and another motivating factor is Plaintiff's protected characteristic(s).

## CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS

62.     Plaintiff had a contract with a third party. Defendants willfully intentionally interfered with the contract. The interference proximately caused Plaintiff's injury. Plaintiff suffered actual damage or loss for which he now sues.

## AUTHORIZATION OF ACTS/OMISSIONS BY DEFENDANTS

63.     Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that the officers, agents, servants, employees, or representatives of the Defendants did such act or thing that at the time such act or thing was done, it was done with the full authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

## JOINT AND SEVERAL LIABILITY

64.     At and during the time of the acts and/or omissions averred herein, all Defendants were jointly and severally responsible for said acts and/or

9

omissions. Accordingly, all Defendants are jointly and severally liable for all damages resulting from the business disparagement, defamation, and/or tortious interference with prospective contractual relations.

## VICE-PRINCIPAL LIABILITY

65. With respect to the corporate Defendants, Plaintiff states: (1) the agents that committed the tort that caused Plaintiff's injuries were committed and/or directed by vice-principles of said Defendants; (2) the agent engaged in the performance of nondelegable or absolute duties of another defendant; or (3) the agent was one to whom a defendant delegated the management of all or part of its business. Accordingly, said Defendants are liable for punitive damages.

## AGENCY

66. At and during the time of the acts and/or omissions averred herein, any acts and/or omissions committed by an agent, representative or employee of Defendants occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants.

67. Defendants are therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee averred herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

68. The Plaintiff was injured as a result of a tort, the tortfeasor was an

10

employee(s) of the Defendants. the tort was committed while the employee(s) was acting within the scope of employment. the tort was within the employee(s)' general authority, the tort was committed in the furtherance of Defendants' business. and the tort for the accomplishment of the object for which the employee(s) was hired.

## DAMAGES

69.     As a direct and proximate result of the wrongful acts and/or omissions of Defendants. Plaintiff has suffered damages above the minimum jurisdictional requirements of this court. including but not limited to past:

        a.     Pecuniary loss:

        b.     Lost wages, salaries, and/or other benefits:

        c.     Loss of benefits:

        d.     Back pay:

        e.     Interest on back pay:

        f.     Mental anguish damages:

        g.     Emotional pain and suffering:

        h.     Loss of enjoyment of life and/or physical impairment:

        i.     Inconvenience:

        j.     Other non-pecuniary loss:

        k.     exemplary damages:

        l.     Pre and post judgment interest:

11

m.   Other interest allowed by law:

n.   Costs of court:

and

o.   Legal expenses. expert fees. and attorneys' fees pursuant to Texas Labor Code Chapter 21.

70.   Plaintiff's damages at the time of the filing of this petition are in excess of the minimum jurisdictional limits of this court.

71.   Plaintiff believes that the jury has the sole right and responsibility to assess damages in an amount that it finds is appropriate given the facts and circumstances of this case. However. the law requires a plaintiff to specifically state the amount of damages. As required by Texas Rule of Civil Procedure 47 (c). and for purposes of removal to federal court. Plaintiff's damages do not exceed $74,999.99.

## ALL ALLEGATIONS IN THE ALTERNATIVE

72.   Pursuant to TEX. R. CIV. P. 47 & 48 and the rules of pleadings. all allegations in this petition are made in the alternative.

## PRAYER

Plaintiff prays that Defendants be cited to appear and answer and that upon final hearing he recover judgment against the Defendants for the following:

(a.)   All actual damages resulting from Defendants' acts and/or

12

omissions:

(b.)    Exemplary Damages:

(c.)    Legal expenses, expert fees and attorneys fees through trial.
        appeal and review by the Supreme Court of Texas:

(d.)    Costs of court:

(e.)    Pre and post judgment interest at the maximum rate allowed by
        law: and

(f.)    All other relief to which Plaintiff may show himself to be
        entitled.

        Respectfully submitted.

        ANDREW E. LEMANSKI & ASSOCIATES

        /s/ Andrew E. Lemanski

        ANDREW E. LEMANSKI
        State Bar No. 24046288
        9600 Long Point, Ste. 150
        Houston. Texas 77055
        (713) 515-2826 (tele)
        (713) 583-9401 (fax)
        Service e-mail: b5valen47370@gmail.com
        Contact e-mail: andylemanski@yahoo.com

        ATTORNEY FOR PLAINTIFF

13

OCT 1 2 2023

10/3/2023 3:27 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-007027
Ruben Tamez

# Andrew E. Lemanski & Associates
**Attorney at Law**

October 3, 2023

*Via E-Filing*
Travis County District Clerk
1700 Guadalupe
Austin, TX 78701

D-1-GN-23-007027

Re:   Case No. _____; *Jacob Renfro vs. Randstad US, LLC et al.*, filed in the _____ District Court for Travis County, Texas.

353RD, DISTRICT COURT

Dear Clerk of Court,

Please see the attached Original Petition and Request for Disclosure to be filed in the District Courts as per your normal procedure.

Please prepare three citations in this matter for service for the following entities:

1. RANDSTAD US, LLC, a Delaware Corporation, may be served through its registered agent for service of process, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO., 211 E. 7TH STREET SUITE 620 AUSTIN, TX 78701;

2. Defendant RYDER INTEGRATED LOGISTICS, INC., a Delaware Corporation, may be served through its registered agent for service of process, CORPORATE CREATIONS NETWORK INC., 5444 WESTHEIMER #1000, HOUSTON, TX 77056; and

3. RYDER INTEGRATED LOGISTICS OF TEXAS, LLC, a Texas Corporation, may be served through its registered agent for service of process, CORPORATE CREATIONS NETWORK INC., 5444 WESTHEIMER #1000, HOUSTON, TX 77056.

When they are completed, please e-mail the citations to me at andylemanski@yahoo.com. Alternatively, you can serve them through the

---

**9600 Long Point, Suite 150 ◆ Houston, TX 77055 ◆ Phone: 832/804-9120 ◆ Fax: 713/583-9401**

Copy from re:SearchTX

electronic filing system.

Please feel free to contact me with any questions.

Sincerely,

/s/ Andrew E. Lemanski

Andrew E. Lemanski

Enc.

Copy from re:SearchTX



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Ryder Integrated Logistics, Inc.                                        October 13, 2023
Cecilia M. Fresquet Labor & Employment Paralegal II
Ryder System, Inc.
11690 NW 105th Street
Law Department - 4th Floor
Miami FL 33178

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2023-3600

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Ryder Integrated Logistics, Inc. |
| 2. | **Title of Action:** | Jacob Renfro vs. Randstad US, LLC, et al. |
| 3. | **Document(s) Served:** | Citation<br>Plaintiff's Orginal Petition and Request for Disclosure |
| 4. | **Court/Agency:** | Travis County 353rd Judicial District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | D-1-GN-007027 |
| 7. | **Case Type:** | Wrongful Termination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 10/12/2023 |
| 10. | **Date to Client:** | Friday 10/13/2023 |
| 11. | **# Days When Answer Due**<br>**Answer Due Date:** | See Notes    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Andrew E. Lemanski<br>Houston, TX<br>713-515-2826 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

# EXHIBIT A-2



### CITATION
### THE STATE OF TEXAS
**CAUSE NO. D-1-GN-23-007027**

JACOB RENFRO

, PLAINTIFF(S)

vs.

RANDSTAD US, LLC; RYDER INTEGRATED LOGISTICS INC.; RYDER INTEGRATED LOGISTICS
OF TEXAS, LLC

, DEFENDANT(S)

TO:    **RYDER INTEGRATED LOGISTICS INC.**
       **BY SERVING ITS REGISTERED AGENT**
       **CORPORATE CREATIONS NETWORK INC**
       **5444 WESTHEIMER #1000**
       **HOUSTON TX  77056**

Defendant, in the above styled and numbered cause:
YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served
this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk,
you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made
no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** in the above styled and
numbered cause, which was filed on **OCTOBER 03, 2023** in the **353RD DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **OCTOBER 05, 2023**

REQUESTED BY:
**ANDREW EDWARD LEMANSKI**
**9600 LONG POINT, STE.150**
**HOUSTON, TX  77055**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street P.O Box 679003 (78767)
Austin TX 78701

**Ruben Tamez, Deputy**

### RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in person, a true copy of this citation together with

the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying pleading, having first attached such

copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By: _____

_____
Printed Name of Server

_____ County. Texas

_____
Notary Public, THE STATE OF TEXAS
**D-1-GN-23-007027**

**SERVICE FEE NOT PAID**



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Ryder Integrated Logistics of Texas, LLC                                    October 13, 2023
Cecilia M. Fresquet Labor & Employment Paralegal II
Ryder System, Inc.
11690 NW 105th Street
Law Department - 4th  Floor
Miami FL 33178

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2023-3602

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Ryder Integrated Logistics of Texas, LLC |
| 2. | **Title of Action:** | Jacob Renfro vs. Randstad US, LLC, et al. |
| 3. | **Document(s) Served:** | Citation<br>Plaintiff's Original Petition and Request for Disclosures |
| 4. | **Court/Agency:** | Travis County 353rd Judicial District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | D-1-GN-23-007027 |
| 7. | **Case Type:** | Discrimination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 10/12/2023 |
| 10. | **Date to Client:** | Friday 10/13/2023 |
| 11. | **# Days When Answer Due<br>Answer Due Date:** | See Notes    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Andrew E. Lemanski<br>Houston, TX<br>713-515-2826 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# EXHIBIT A-3

## CITATION
### THE STATE OF TEXAS
**CAUSE NO. D-1-GN-23-007027**

JACOB RENFRO

PLAINTIFF(S)

vs.

RANDSTAD US, LLC; RYDER INTEGRATED LOGISTICS INC.; RYDER INTEGRATED LOGISTICS OF TEXAS, LLC

DEFENDANT(S)

TO:   **RYDER INTEGRATED LOGISTICS OF TEXAS, LLC**
      **BY SERVING ITS REGISTERED AGENT**
      **CORPORATE CREATIONS NETWORK INC**
      **5444 WESTHEIMER #1000**
      **HOUSTON TX  77056**

Defendant, in the above styled and numbered cause:
YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** in the above styled and numbered cause, which was filed on **OCTOBER 03, 2023** in the **353RD DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **OCTOBER 05, 2023**

REQUESTED BY:
**ANDREW EDWARD LEMANSKI**
**9600 LONG POINT, STE.150**
**HOUSTON, TX  77055**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Ruben Tamez, Deputy**

## RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock _____ M., and executed at

_____ within the County of _____ on the _____ day

of _____, _____ at _____ o'clock _____ M., by delivering to the within named

_____, each in person, a true copy of this citation together with

the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying pleading, having first attached such

copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.        By _____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS
**D-1-GN-23-007027**

**SERVICE FEE NOT PAID**


SERVED
Date: 10-6-23



ASE / ALL
**Transmittal Number: 27803763**
**Date Processed: 10/11/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Karen Lubrano<br>Randstad US - Spherion Corporation<br>PO Box 724198<br>Atlanta, GA 31139-1198 |
| **Electronic copy provided to:** | Rob Calabro<br>Jenna Debs |
| **Entity:** | Randstad US, LLC<br>Entity ID Number  1917103 |
| **Entity Served:** | Randstad US, LLC |
| **Title of Action:** | Jacob Renfro vs. Randstad US, LLC |
| **Matter Name/ID:** | Jacob Renfro vs. Randstad US, LLC (14714345) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Travis County District Court, TX |
| **Case/Reference No:** | D-1-GN-23-007027 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/11/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Andrew E. Lemanski & Associates<br>713-515-2826 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# EXHIBIT A-4

# CITATION
## THE STATE OF TEXAS
### CAUSE NO. D-1-GN-23-007027

JACOB RENFRO

, PLAINTIFF(S)

vs.

RANDSTAD US, LLC; RYDER INTEGRATED LOGISTICS INC.; RYDER INTEGRATED LOGISTICS
OF TEXAS, LLC                                                                    , DEFENDANT(S)

TO:   **RANDSTAD US, LLC**
      **BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
      **D/B/A CSC-LAWYERS INCO**
      **211 E 7TH STREET #620**
      **AUSTIN TX 78701**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served
this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk,
you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made
no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** in the above styled and
numbered cause, which was filed on **OCTOBER 03, 2023** in the **353RD DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **OCTOBER 05, 2023**

REQUESTED BY:
**ANDREW EDWARD LEMANSKI**
**9600 LONG POINT, STE.150**
**HOUSTON, TX  77055**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Ruben Tamez, Deputy**

## RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in person, a true copy of this citation together with
the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying pleading, having first attached such
copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS          _____ County, Texas
**D-1-GN-23-007027**                        **SERVICE FEE NOT PAID**

Delivered
10 / 11 / 23
By MEF  2330d
Austin Process, LLC

11/3/2023 2:31 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-007027
Susan Schmidt

**CAUSE NO. D-1-GN-23-007027**

| | | |
|---|---|---|
| **JACOB RENFRO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RANDSTAD US, LLC;** | § | **353RD JUDICIAL DISTRICT** |
| **TRAVIS COUNTY, TEXAS** | § | |
| **RYDER INTEGRATED LOGISTICS,** | § | |
| **INC.; and RYDER INTEGRATED** | § | |
| **LOGISTICS OF TEXAS, LLC** | § | |
| | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Ryder Integrated Logistics, Inc. ("Ryder") and Ryder Integrated Logistics of Texas, LLC ("Ryder Texas") (collectively referred to as "Ryder Defendants"), Defendants in the above-entitled matter, and in response to Plaintiff Jacob Renfro's ("Plaintiff" or "Renfro") Original Petition, file their Original Answer and Defenses, respectfully showing onto the Court the following:

### I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Ryder Defendants generally and specifically deny each and every allegation in Plaintiff's Original Petition and any amendment or supplement thereto and demand strict proof thereof. With respect to any claim by Plaintiff for exemplary or punitive damages, Ryder Defendants demand strict proof thereof by clear and convincing evidence.

# EXHIBIT A-5

## II. **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, Ryder Defendants assert the following separate and distinct affirmative defenses to Plaintiff's Original Petition and each purported cause of action therein and pray for judgment as set forth below.

Ryder Defendants also hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Ryder Defendants reserve the right to amend this Answer to assert any such defense based on such investigation and discovery.

1. With respect to some or all of Plaintiff's claims, Plaintiff has failed in whole or in part to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by a failure to perform conditions precedent.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

4. Plaintiff's allegations are barred in whole or in part to the extent they exceed the scope of or are inconsistent with any charge of discrimination Plaintiff filed with the U.S. Equal Employment Opportunity Commission, the Texas Workforce Commission, and/or the City of Austin, Office of Civil Rights.

5. Plaintiff's claims are barred, in whole or in part, because Ryder Defendants were at no time Plaintiff's employer and were not responsible for any of the decisions made regarding his employment and therefore cannot be held liable as his employer under the Texas Labor Code.

6. Acy actions taken with respect to Plaintiff were in good faith and for legitimate business reasons and not for any discriminatory or illegal purpose, and the same actions would

have been taken based on legitimate, nondiscriminatory grounds regardless of any alleged protected status or alleged protected activity.

7.      Even if an impermissible factor were a motivating factor in any of their actions, which Ryder Defendants specifically deny, they would have taken the same actions with regard to Plaintiff even if the impermissible factor had not been considered.

8.      Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel and unclean hands.

9.      Any improper, illegal, discriminatory, or retaliatory actions by any of Ryder Defendants' employees (which Ryder Defendants specifically deny occurred), were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Ryder Defendants and thus cannot be attributed or imputed to Ryder Defendants.

10.     All or part of Plaintiff's claims are barred by the applicable statutes of limitation.

11.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Ryder Defendants, Plaintiff's compensatory and punitive damage claims, if any, are subject to the limitations imposed by state and federal laws, including § 21.2585(d) of the Texas Labor Code and the Texas Civil Practice & Remedies Code § 41.008(b).

12.     Plaintiff's damages, if any, were caused and/or were solely caused by Plaintiff's own conduct and/or by third parties.

13.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff claims are barred, in whole or in part, by his failure to mitigate or minimize any alleged damages.

14.     Plaintiff has failed to allege facts sufficient to give rise to a claim for punitive, exemplary, or liquidated damages.

15.     Plaintiff is not entitled to punitive damages in that Ryder Defendants have acted at all times in good faith to comply with all applicable laws prohibiting discrimination and have not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to the rights of Plaintiff, and that even if a court or jury were to find a violation of applicable laws, Ryder Defendants will show that such action was contrary to their policies, and, thus, Plaintiff is not entitled to punitive damages on the law or the facts.

16.     Any claim for punitive damages in this case would be grossly out of proportion to the severity of the alleged conduct, bear no rational relationship to claimed compensatory damages, and would be otherwise unconstitutional, denying Ryder Defendants due process of law and equal protection of the laws, and violate the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and applicable provisions of the Constitution of the State of Texas.

17.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

18.     None of Ryder Defendant's actions or inactions toward Plaintiff were committed with malice and/or reckless indifference or disregard to any rights of Plaintiff.

19.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of judicial estoppel as Plaintiff is estopped from taking positions in this action that are contrary to positions he took in previous judicial proceedings or under oath or penalty of perjury.

20.     Ryder Defendants are entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

21.     At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

22.     Ryder Defendants specifically reserve the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

### III.     RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Ryder Defendants respectfully pray that Plaintiff take nothing by way of this lawsuit, that they be awarded their costs, and for such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

*/s/ Hunter Johnson*
**Hunter Johnson**
Texas Bar No. 10753900
E-mail: hjohnson@constangy.com
Direct (214) 646-3421
**Aarika N. Johnson**
Texas Bar No. 24120927
E-mail: anjohnson@constangy.com
Direct (214) 646-3424
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
1201 Elm Street, Suite 2550
Dallas, TX 75270
Main: 214.646.3421 • Fax: 214.749.0078

**ATTORNEY FOR DEFENDANTS**
**RYDER INTEGRATED LOGISTICS, INC.**
**and RYDER INTEGRATED LOGISTICS OF**
**TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, the foregoing document was filed using the electronic filing system, which will transmit a notice of filing to all counsel of record, as follows:

Andrew E. Lemanski
Texas Bar No. 24046288
ANDREW E. LEMANSKI & ASSOCIATES
9600 Long Point. Ste. 150
Houston, Texas 77055
Tel. (713) 515-2826
Fax (713) 583-9401
Email: andylemanski@yahoo.com
Service Email:  b5valen47370@gmail.com

Steve Shardonofsky
Seyfarth Shaw Shaw LLP
700 Milam St., Suite #1400
Houston, Texas 77002-2812
Direct: 713-225-1001, Fax: 713-821-0657
SShardonofsky@seyfarth.com

*/s/ Hunter Johnson*
Hunter Johnson

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Stephanie Rainey on behalf of Hunter Johnson
Bar No. 10753900
srainey@constangy.com
Envelope ID: 81292444
Filing Code Description: Answer/Response
Filing Description: DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S
ORIGINAL PETITION
Status as of 11/5/2023 10:02 AM CST

Associated Case Party: RYDER INTEGRATED LOGISTICS OF TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephanie Rainey | | srainey@constangy.com | 11/3/2023 2:31:14 PM | SENT |
| Hunter Johnson | | hjohnson@constangy.com | 11/3/2023 2:31:14 PM | SENT |
| Aarika Johnson | | anjohnson@constangy.com | 11/3/2023 2:31:14 PM | SENT |

11/6/2023 9:44 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-007027
Susan Schmidt

CASE NO.: D-1-GN-23-007027

| | | |
|---|---|---|
| JACOB RENFRO, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| RANDSTAD US, LLC; | § | |
| RYDER INTEGRATED LOGISTICS, INC.; | § | |
| and RYDER INTEGRATED LOGISTICS OF | § | |
| TEXAS, LLC., | § | 353RD   JUDICIAL   DISTRICT |
| Defendants. | | |

## DEFENDANT RANDSTAD US, LLC'S ANSWER AND DEFENSES

Defendant RANDSTAD US, LLC., ("Defendant"), files this Answer and Defenses to Plaintiff JACOB RENFRO'S ("Plaintiff") Original Petition.

## GENERAL DENIAL

Subject to such stipulations as may hereafter be made, Defendant asserts a general denial to Plaintiff's Original Petition as is authorized under Rule 92 of Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove his charges and allegations against Defendant by a preponderance of the evidence, or where applicable, by clear and convincing evidence, as is required by the constitution and the laws of the State of Texas.

## DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant expressly reserves its right to assert additional defenses as discovery progresses.

1

**EXHIBIT A-6**

Copy from re:SearchTX

1.      Plaintiff cannot pursue his claims in this forum because Plaintiff is required to submit his claims to mandatory final and binding arbitration under an arbitration agreement, executed on June 16, 2022, covering his purported claims.

2.      Plaintiff fails to state a claim upon which relief may be granted.

3.      Plaintiff is not entitled to some or all of the relief sought in his Petition to the extent that Plaintiff failed to exhaust his administrative remedies and/or because the claims in the Petition exceed the scope of claim in Plaintiff's EEOC/TWC charge.

4.      Plaintiff is not entitled to some or all of the relief sought in his Petition to the extent that his claims are barred by the applicable statute of limitations.

5.      Plaintiff is not entitled to some or all of the relief sought in his Petition to the extent that his claims are barred by waiver, laches, and/or estoppel.

6.      Defendant denies that any of its actions were motivated by Plaintiff's race. Pleading in the alternative, Defendant asserts it would have taken the same actions when it did for wholly legitimate, non-discriminatory and non-retaliatory reasons.

7.      Pleading in the alternative, Defendant cannot be held liable for any alleged discrimination purportedly experienced by Plaintiff because it exercised reasonable care to prevent and/or correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities offered by Defendant or to otherwise avoid harm.

8.      To the extent that Plaintiff complained of any unlawful conduct, Defendant took prompt and remedial action to investigate and address his complaint(s) and took appropriate corrective action.

2

Copy from re:SearchTX

9.    To the extent Plaintiff alleges that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

10.   Defendant's actions were done in good faith, without malice, and without intent to violate the law or cause Plaintiff harm. As such, the relief sought by Plaintiff in the form of exemplary or punitive damages is not available.

11.   Plaintiff cannot recover punitive and/or exemplary damages since Defendant cannot be vicariously liable for allegedly discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations.

12.   Plaintiff's alleged damages, if any, are the result in whole or in part of preexisting conditions and/or independent causes and are not the result of any act or omission on the part of Defendant.

13.   Plaintiff is not entitled to some or all of the relief sought in his Petition to the extent that he has failed to mitigate his alleged damages.

14.   Any relief to which Plaintiff may be entitled is barred or otherwise affected by the after-acquired evidence doctrine.

15.   Plaintiff's alleged damages, if any, are subject to the doctrine of offset.

16.   Defendant invokes any and all applicable damages caps and limitations, including but not limited to the caps and limitations on damages set forth in the Texas Labor Code § 21.2585, and the Texas and Federal constitutions.

3

Copy from re:SearchTX

17.     Defendant is not liable for tortious interference because he was employed at-will by Defendant and did not have an employment contract subject to interference;

18.     Defendant is not liable for tortious interference because it had legitimate reasons to terminate Plaintiff's employment and therefore any interference with contract was justified, excused, and/or based on Defendant's bona fide exercise of its own rights or rights equal to or superior to those of Plaintiff;

19.     Defendant is not liable for tortious interference because it did not willfully and intentionally interference with Plaintiff's contract;

20.     Plaintiff's damages, if any, were not proximately cause by Defendant's alleged interference with contract and were instead caused by Plaintiff;

21.     Plaintiff's tortious interference claim is barred and/or preempted by Chapter 21 of the Texas Labor Code.

22.     Defendant reserves the right to assert additional defenses as they become known.

## **PRAYER**

Defendant prays that it be discharged and dismissed, that Plaintiff take nothing, that it be awarded its court costs, and that it be granted such other and further relief to which it might show itself justly entitled.

4

Copy from re:SearchTX

DATED:  November 6, 2023                     Respectfully submitted,

                                             SEYFARTH SHAW LLP

                                             By: /s/ *Stephanie Johnson Manning*
                                                 Esteban Shardonofsky
                                                 Texas Bar No. 24051323
                                                 sshardonofsky@seyfarth.com
                                                 Stephanie Johnson Manning
                                                 Texas Bar No. 24099422
                                                 smanning@seyfarth.com
                                                 SEYFARTH SHAW LLP
                                                 700 Milam, Suite 1400
                                                 Houston, TX  77002
                                                 Telephone:  (713) 225-1001
                                                 Facsimile:  (713) 225-2340

                                             **ATTORNEYS FOR DEFENDANT**
                                             **RANDSTAD US, LLC.**


## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing instrument was served on all
counsel of record, as listed below, via electronic court filing and certified mail return receipt
requested, on this the 6th day of November 2023.

        ANDREW E. LEMANSKI
        9600 Long Point, Ste. 150
        Houston, Texas 77055
        Service e-mail: b5valen47370@gmail.com
        Contact e-mail: andylemanski@yahoo.com

                                             /s/ *Stephanie Johnson Manning*
                                             Stephanie Johnson Manning

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cammie Parish on behalf of Stephanie Manning
Bar No. 24099422
cparish@seyfarth.com
Envelope ID: 81322113
Filing Code Description: Answer/Response
Filing Description: DEFENDANT RANDSTAD US, LLC'S ANSWER AND
DEFENSES
Status as of 11/7/2023 9:43 AM CST

Associated Case Party: RYDER INTEGRATED LOGISTICS INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hunter Johnson | | hjohnson@constangy.com | 11/6/2023 9:44:34 AM | SENT |
| Stephanie Rainey | | srainey@constangy.com | 11/6/2023 9:44:34 AM | SENT |
| Aarika Johnson | | anjohnson@constangy.com | 11/6/2023 9:44:34 AM | SENT |

Associated Case Party: RYDER INTEGRATED LOGISTICS OF TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hunter Johnson | | hjohnson@constangy.com | 11/6/2023 9:44:34 AM | SENT |
| Stephanie Rainey | | srainey@constangy.com | 11/6/2023 9:44:34 AM | SENT |
| Aarika Johnson | | anjohnson@constangy.com | 11/6/2023 9:44:34 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew Edward Lemanski | 24046288 | andylemanski@yahoo.com | 11/6/2023 9:44:34 AM | ERROR |

Copy from re:SearchTX

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JACOB RENFRO,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | **Civil Action No.** _____ |
| **RANDSTAD US, LLC;** | § | |
| **RYDER INTEGRATED LOGISTICS,** | § | |
| **INC.; and RYDER INTEGRATED** | § | |
| **LOGISTICS OF TEXAS, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## DECLARATION OF HEATHER AMATO IN SUPPORT OF DEFENDANT RANDSTAD US, LLC'S JOINT NOTICE OF REMOVAL

I, Heather Amato, declare:

1.      I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify as to their accuracy.

2.      I am a Paralegal for Randstad US, LLC ("Randstad"). In my capacity as a Paralegal for Randstad US, LLC, I am familiar with and have access to payroll, employment, and personnel records of current and former employees of Randstad US, LLC in Texas, including Plaintiff Jacob Rendro ("Plaintiff"), which are kept in Randstad US, LLC's payroll, timekeeping, and human resources management systems in the ordinary course of business. I also have access to Randstad US, LLC's electronic payroll systems and electronic databases regarding its employees. Also in this capacity, I have access to staffing and other services agreements entered into by Randstad US, LLC and its affiliates and parent companies. Also in this capacity, I am familiar with the corporate and organizational structure, as well as the operations, of Randstad US, LLC.

# EXHIBIT B

3.    Randstad provides staffing solutions to clients in a variety of industries. Randstad's operations focus primarily on placing temporary employees in two categories of positions: light industrial and clerical.

4.    On or about April 2016, Randstad North America, Inc. and Ryder Integrated Logistics, Inc. entered into a Staffing Services Master Agreement (the "Staffing Agreement").

5.    I have reviewed the employment and personnel records for Plaintiff, to which I have access in my capacity as a Paralegal for Randstad US, LLC. Randstad hired Plaintiff on or about June 23, 2022. Thereafter, pursuant to the Staffing Agreement, Plaintiff was placed on assignment at Ryder Integrated Logistics, Inc. in Austin, Texas, as a Material Handler

6.    In my capacity as a Paralegal for Randstad US, LLC, I am familiar with both the entity structure of Randstad US, LLC and its member associations. I am also familiar with the states in which those associations are organized. For the same reason, I am familiar with where Randstad US, LLC and its member associations maintain their headquarters. Defendant Randstad US, LLC is a limited liability company organized and formed under the laws of the State of Delaware. Defendant's principal place of business and headquarters are in Atlanta, Georgia, where its high-level officers direct, control, and coordinate Defendant's corporate activities. Defendant has two members: Randstad North America, Inc. holds a 99.9% membership interest; and Randstad General Partner (US), LLC holds a 0.1% membership interest.

7.    Randstad General Partner (US), LLC is a limited liability company organized and formed under the laws of the State of Delaware. Its headquarters and principal place of business is in Atlanta, Georgia, where its high-level officers direct, control, and coordinate its activities. Randstad General Partner (US), LLC's sole member is Randstad North America, Inc.

[INTENTIONAL PAGE BREAK – DECLARATION AND SIGNATURE LINE RESUME ON NEXT PAGE]

8.     Randstad North America, Inc. is a corporation organized and formed under the laws of the State of Delaware. Its headquarters and principal place of business is in Atlanta, Georgia, where its high-level officers direct, control, and coordinate its activities.

I declare under penalty of perjury under the laws of the State of Texas and the United States of America that the foregoing is true and correct.

Executed this 10th day of November, 2023, at _____, Massachusetts.

_____
Heather Amato

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACOB RENFRO, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| **RANDSTAD US, LLC;** | § | |
| **RYDER INTEGRATED LOGISTICS,** | § | |
| **INC.; and RYDER INTEGRATED** | § | |
| **LOGISTICS OF TEXAS, LLC** | § | |
| | § | |
| **Defendants.** | § | |

**DECLARATION OF MICHAEL CARVER**

Michael Carver declares under penalty of perjury as follows:

1.      I am over eighteen years of age and am fully competent to make this statement.

2.      My title is Director of Customer Logistics for Ryder Integrated Logistics, Inc. and I have held this position since 2021. In my capacity as Director of Customer Logistics for Ryder Integrated Logistics, Inc., I have personal knowledge of the facts and information contained in this Declaration or have obtained such facts and information from reviewing records that were: (a) made at or near the time of the events to which they pertain; (b) made by or with information obtained from persons with knowledge; (c) made and kept in the course of the regularly conducted business activity of Ryder Integrated Logistics, Inc.; and (d) made in accordance with Ryder Integrated Logistics, Inc.'s regular business practices. I give this Declaration for use in the above-styled legal proceeding and all other purposes allowed by law.

3.      Randstad US, LLC and Ryder Integrated Logistics, Inc. are parties to a staffing agreement whereby Randstad US, LLC assigns its employees with Ryder Integrated Logistics, Inc.

**EXHIBIT C**

to temporarily perform services at facilities owned and/or operated by Ryder Integrated Logistics, Inc.

4.      Ryder Integrated Logistics of Texas, LLC does not own or operate the facility to which Randstad assigned Plaintiff to as a temporary worker for Ryder.

5.      Randstad assigned Plaintiff to an Applied Materials semiconductor plant in Austin, Texas. At the time, Ryder Integrated Logistics, Inc. maintained a dedicated service contract with Applied Materials whereby Ryder Integrated Logistics, Inc. provided Applied Materials with integrated logistics services that included warehousing, distribution, logistics, and fulfillment. Ryder Integrated Logistics of Texas, LLC does not have and has never had a role in Ryder's dedicated services provided to the Applied Materials facility.

6.      Ryder Integrated Logistics of Texas, LLC did not employ Plaintiff Jacob Renfro. Randstad US, LLC, a temporary staffing agency, employed Plaintiff. The staffing agreement, which is between Randstad and Ryder Integrated Logistics, Inc., provides that individuals such as Plaintiff are assigned by Randstad to provide temporary services to Ryder Integrated Logistics, Inc.

7.      Ryder Integrated Logistics of Texas, LLC did not pay Plaintiff for his work or maintain any records regarding Plaintiff. Ryder Integrated Logistics of Texas, LLC did not supervise Plaintiff or employ any individuals who supervised Plaintiff during his assignment to Ryder Integrated Logistics, Inc. Ryder Integrated Logistics of Texas, LLC did not have any part or employ any individuals who had any part in making any decisions regarding Plaintiff's assignment to Ryder Integrated Logistics, Inc.

8.    Ryder Integrated Logistics of Texas, LLC did not operate the facility or have any part in or employ any individuals who had any part in managing or overseeing the day-to-day operations at the facility to which Randstad US, LLC assigned Plaintiff.

Executed in _____on _____.

     (county)      (date)

            _____

            Michael Carver

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACOB RENFRO, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| RANDSTAD US, LLC; | § | |
| RYDER INTEGRATED LOGISTICS, | § | |
| INC.; and RYDER INTEGRATED | § | |
| LOGISTICS OF TEXAS, LLC | § | |
| | § | |
| Defendants. | § | |

### DECLARATION OF MICHAEL CARVER

Michael Carver declares under penalty of perjury as follows:

1.      I am over eighteen years of age and am fully competent to make this statement.

2.      My title is Director of Customer Logistics for Ryder Integrated Logistics, Inc. and I have held this position since 2021. In my capacity as Director of Customer Logistics for Ryder Integrated Logistics, Inc., I have personal knowledge of the facts and information contained in this Declaration or have obtained such facts and information from reviewing records that were: (a) made at or near the time of the events to which they pertain; (b) made by or with information obtained from persons with knowledge; (c) made and kept in the course of the regularly conducted business activity of Ryder Integrated Logistics, Inc.; and (d) made in accordance with Ryder Integrated Logistics, Inc.'s regular business practices. I give this Declaration for use in the above-styled legal proceeding and all other purposes allowed by law.

3.      Randstad US, LLC and Ryder Integrated Logistics, Inc. are parties to a staffing agreement whereby Randstad US, LLC assigns its employees with Ryder Integrated Logistics, Inc.

EXHIBIT D

to temporarily perform services at facilities owned and/or operated by Ryder Integrated Logistics, Inc.

4.      Ryder Integrated Logistics of Texas, LLC does not own or operate the facility to which Randstad assigned Plaintiff to as a temporary worker for Ryder.

5.      Randstad assigned Plaintiff to an Applied Materials semiconductor plant in Austin, Texas. At the time, Ryder Integrated Logistics, Inc. maintained a dedicated service contract with Applied Materials whereby Ryder Integrated Logistics, Inc. provided Applied Materials with integrated logistics services that included warehousing, distribution, logistics, and fulfillment. Ryder Integrated Logistics of Texas, LLC does not have and has never had a role in Ryder's dedicated services provided to the Applied Materials facility.

6.      Ryder Integrated Logistics of Texas, LLC did not employ Plaintiff Jacob Renfro. Randstad US, LLC, a temporary staffing agency, employed Plaintiff. The staffing agreement, which is between Randstad and Ryder Integrated Logistics, Inc., provides that individuals such as Plaintiff are assigned by Randstad to provide temporary services to Ryder Integrated Logistics, Inc.

7.      Ryder Integrated Logistics of Texas, LLC did not pay Plaintiff for his work or maintain any records regarding Plaintiff. Ryder Integrated Logistics of Texas, LLC did not supervise Plaintiff or employ any individuals who supervised Plaintiff during his assignment to Ryder Integrated Logistics, Inc. Ryder Integrated Logistics of Texas, LLC did not have any part or employ any individuals who had any part in making any decisions regarding Plaintiff's assignment to Ryder Integrated Logistics, Inc.

8.      Ryder Integrated Logistics of Texas, LLC did not operate the facility or have any part in or employ any individuals who had any part in managing or overseeing the day-to-day operations at the facility to which Randstad US, LLC assigned Plaintiff.


Executed in _____Burnet_____ on _____11/10/2023_____.
                        (county)                          (date)

_____

Michael Carver

# City of Austin
# Office of Civil Rights

1050 E. 11th Street, Suite 200, Austin, TX 78702
Mailing Address: P.O. Box 1088, Austin, TX 78767



December 20, 2022

Ryder Systems, Inc.                          Certified Mail:  9489 0090 0027 6404 6971 32
Attn: Frank Lopez
11690 NW 105th Street
Miami, FL  33178

**RE: JACOB RENFRO** VS RYDER SYSTEMS, INC.
CHARGE NOS.: 650-23-016 COAOCR / 36A-2023-00015 EEOC

Dear Mr. Lopez ,

Your organization is hereby requested to submit information and records relevant to the subject charge of
discrimination. This Office is required by law to investigate charges filed. The enclosed request for
information does not necessarily represent the entire body of evidence, which we need to obtain from
your organization in order that a proper determination as to the merits of the charge can be made.

Please submit by the 15th working day from the date you receive the charge, a written position statement
on the allegation(s) of the charge, accompanied by documentary evidence and/or written statement(s)
where appropriate. Also, include any additional information and explanation you deem relevant to the
charge.

If your organization wishes to resolve the issues through **Settlement** prior to the start of the Investigation
and before reaching a determination, please contact me at (512) 978-1949 Monday through Friday
between 8:30 am and 12:30 pm.

You may be assured that any information or explanation supplied by your organization will not be made
public. Your full cooperation is appreciated.

*Due to COVID-19 our Office continues to be closed to the public. Electronic and US mail will be our
primary method of receiving and communicating request.  Therefore, we request that all evidence,
position statements, and responses be emailed to the assigned investigator and any mail delivery of
documents be sent through the standard U.S. Post Office.*

For Beverly Davis, Interim Manager

Angelia F. Gooden, Equal Employment Investigator
Office of Civil Rights

(512) 974-3251 | *austintexas.gov/ocr*

*The City of Austin is committed to compliance with the Americans
with Disabilities Act. Reasonable modifications and equal access
to communications will be provided upon request.*

# EXHIBIT E

# City of Austin
# Office of Civil Rights

**1050 E. 11th Street, Suite 200, Austin, TX 78702**
**Mailing Address: P.O. Box 1088, Austin, TX 78767**



Enclosure(s)

---

### City of Austin, Office of Civil Rights

### **REQUEST FOR INFORMATION**

---

RE: JACOB RENFRO V RYDER SYSTEMS, INC.
CHARGE NOS.: 650-23-016 COAOCR / 36A-2023-00015 EEOC

1. Give the correct name and address of the facility named in the charge.

2. State the total number of persons who were employed by your organization during the relevant period. Include both full and part-time employees. How many employees are employed by your organization at the present time?

3. Submit a written position statement on each of the allegations of the charge, accompanied by **"documentary evidence,"** and/or **written statements** where appropriate, and include comparative information for individuals who were discharge for same/similar reason(s) as the Charging Party. Also include any additional information and explanation you deem relevant to the charge.

4. Provide the following information regarding Charging Party's discharge:
   a. Date of the discharge and reason.
   b. State whether the Charging Party had any appeal rights.
   b. Charging Party's disciplinary history.
   c. Copies of all pertinent documents in the Charging Party's personnel file relating to the subject discharge
   d. Name and position, of the individual(s) involved in the discharge decision.
   e. Identify the individual making the final decision to discharge Charging Party, including name and position. Attach a copy of any evaluation or investigation report relating to the discharge decision.
   f. Explain your discharge procedures. If the procedures are in writing, submit only the relevant part.
   g. Please submit copies of all written rules relating to employee duties and conduct. Explain how employees learn the contents and rules.
   h. List all employees who committed the same or substantially similar offense(s) that the Charging Party committed, and the disciplinary action taken against them. Supply backup documentation for the list. Include name, position, title, race, and national origin.

*The City of Austin is committed to compliance with the Americans with Disabilities Act. Reasonable modifications and equal access to communications will be provided upon request.*

# City of Austin
# Office of Civil Rights

1050 E. 11th Street, Suite 200, Austin, TX 78702
Mailing Address: P.O. Box 1088, Austin, TX 78767



      i. List all employees discharged within the relevant period. Include employee's name, position, title, race, and the reason for the discharge.

5. Charging Party alleged that some of the harms he suffered were caused by *Ryder Systems, Inc.,* Employees. Charging Party also alleged that Management at *Ryder Systems, Inc.,* knew of the harms he was suffering. Were there any investigations conducted or any corrective action taken to address CP's complaints?

6. Did a contract describing the working relationship between the Charging Party and the Respondent exist? If so, please submit a copy.

7. How was the Charging Party paid and who determined his rate of pay?

8. Did the Charging Party report to an office provided by the Respondent listed on this charge?

9. How were the Charging Party's working hours established?

10. Who determined whether the relationship between Charging Party and *Ryder Systems, Inc.,* would continue and on what basis is that determination made?

*The City of Austin is committed to compliance with the Americans with Disabilities Act. Reasonable modifications and equal access to communications will be provided upon request.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: Agency(ies) Charge No(s): **X** |
|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | FEPA 650-22- 01U <br> **X** EEOC 36A-2022-00 2023 -00015 |

**City of Austin – Office of Civil Rights** and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) <br> **Mr. Jacob C. Renfro** | Home Phone (Incl. Area Code) <br> **214-223-2628** | Date of Birth |
|---|---|---|

Street Address, City, State and ZIP Code

**3220 Duval Road, Apt. 1805 Austin, Texas 78759**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name <br> **Randstad USA LLC** | No. Employees Members **500+** | Phone No. (Include Area Code) **877-601-7453** |
|---|---|---|

Street Address, City, State and ZIP Code

**10601 Giles Lane Austin, TX 78754**

| Name **Ryder System Inc.** | No. Employees, Members **500+** | Phone No. (Include Area Code) |
|---|---|---|

Street Address, City, State and ZIP Code

**10601 Giles Lane Austin, TX 78754**

DISCRIMINATION BASED ON (Check appropriate box(es).) / DATE(S) DISCRIMINATION TOOK PLACE Earliest Latest

**X** RACE **X** COLOR SEX RELIGION **X** NATIONAL ORIGIN **6/28/2022 07/12/2022**

EQUAL PAY CONTINUING ACTION THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. <br><br> I declare under penalty of perjury that the above is true and <br><br><br> correct. Date Charging Party Signature <br><br> 12/5/2022    DocuSigned by [signature] GEFB9CFBC9B0442 | NOTARY – When necessary for State and Local Agency Requirements <br><br> I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: Agency(ies) Charge No(s): X |
|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | FEPA 650-22- 23-01(4 |
| | X EEOC 36A-2022-00 2023 - 00015 |
| | City of Austin -- Office of Civil Rights and EEOC |
| State or local Agency if any | |

**Harm:** Disciplined and subsequently terminated for speaking Spanish

**Statement:** On 7/7/2022 I was contacted by Supervisor Rick at ~3:10pm and told that some people had a problem with me speaking and understanding the Spanish language and that I would "probably be talked to sometime today" by management for them to take my statement. I asked Rick if I was not allowed to speak Spanish and, him being someone who is known to also speak Spanish on occasion, reassured me that it was perfectly fine for me to speak Spanish. Later that day at ~10:10pm sent home early by Supervisor José under the direction of Kenya Davis. Jose simply said "I'm sure someone talked to you about this" when no one really did. I returned to work on 7/8/2022 after answering an email from Jonathan Gann sent at 9:48am titled "statement required before return to work". My badge and my fingerprint scanned when entering the building and clocking in. Later that day after getting a lot of stink eyes and having my photo taken multiple times, I spoke with Kenya Davis and asked for clarification as to why I was sent home early the prior evening. He told me, among other insignificant things, that there was a problem that I was "trying to speak Spanish to Spanish speaking associates". I informed and reported to him that I have been getting called racist slurs and hearing racist jokes all day but have been afraid to speak about it and make waves until now in fear of getting retaliated against and losing my job. I also told him that I speak Spanish at home with my fiancée who is of Colombian origin, who predominantly speaks Spanish, he then reassured me that I was not being accused of being racist.that "false accusations" against me like this were not okay, that I did not deserve to be treated that way, and that he would be speaking to his boss and Jonathan Gann regarding this. He also told me that Jonathan Gann would be speaking to me on Monday 7/11/2022 to make an official and proper statement of what happened. I then was told by Kenya Davis that I was "good to stay" and I worked the remainder of 7/8/22 and 7/9/22. On 7/9/22 when I was working with Dexter Davenport, I got a delayed notification on my iPhone from a voicemail dated 7/8/22 at 9:38am (10 minutes before I got the email titled "statement required before return to work", so I was NEVER given the opportunity to make a statement before actions were taken against me) from Jonathan Gann saying my contract "has been ended due to a policy violation". I only found out about this after Kenya Davis had already said I was "good to stay" as well as badging in and clocking in with my fingerprint for two days with no attempts from anyone to try to contact me to correct this. I was not contacted by Jonathan Gann as promised on 7/11/2022 and when I brought it up to my new Lead, Dustin, on 7/12/22 at ~6pm, he told me how and where to contact HR and that I would have to do it on my own time (unlike the people who have discriminated against me, HR came to them for their statement). I also reported to him the racist slurs and jokes I have had to endure and he again told me to go to HR. I told him that I was going to go tomorrow (7/13/2022). I was then TERMINATED two hours later by Jonathan Gann at ~8pm on 7/12/2022. My given reason was "females have decided that you are making fun of the Spanish language" key words being "decided" not "proved". I was not given a chance to make an official statement. I was not paid for my last day, and I was terminated on discriminatory grounds because every other person on my shift was bilingual and many people of all protected classes outside my own spoke Spanish. I applied for unemployment and Randstad US LLC/Ryder System Inc./Equifax lied to the State of Texas government agency "TexasWorkforce Commission" and said that I had quit. This is an egregious violation of the law in order to gain financially. When I contacted Randstad regarding

this, they told me that I "created a hostile work environment" and did not elaborate further. My questions are: How did I create a hostile work environment from speaking Spanish, the language I speak with the woman I love in my own home? If I had created a hostile work environment, why did they allow me to return to work from 7/8/22 to 7/12/22 after I had been removed from the contract already for supposed "policy violations"? Why did Kenya Davis decide I was "good to stay" if I was creating a hostile work environment? Why is it not okay for a white person to speak Spanish?

Additionally, José and other people on the management team are already allegedly under investigation for racism against whites and Asians. Other people in my protected class were lied about in order to try to get them fired as well. Randstad knowingly sent me to work in this hostile work environment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| correct. *Date Charging Party Signature* 12/5/2022 DocuSigned by OEFB9CF8C090442 | |

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s): X

FEPA 650-22- 23 -0 | 6

X EEOC 36A-2022-00 - acc |5

**City of Austin – Office of Civil Rights** and EEOC

*State or local Agency, if any*

**Respondents Reason for Adverse Action** : Quit/Policy violation/wrong race, color, or origin to speak a second language

**Discrimination Statement:** I was discriminated against when I was disciplined by being sent home early and terminated for my race (Caucasian), my color (white), and my national origin (not born in a predominately Spanish speaking country). This is a violation of Title VII of the Civil Rights Act of 1964, as amended and The

Texas Commission on Human Rights Act, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month day year)* |
| correct. *Date Charging Party Signature* | |
| 12/5/2022      DocuSigned by: 0EFB9CF8C082442 | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09). **2. AUTHORITY.** 42

U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges

with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.