UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JACOB RENFRO, § § **Plaintiff** § § v. § § RANDSTAD US, LLC; § RYDER INTEGRATED LOGISTICS, § INC.; and RYDER INTEGRATED § LOGISTICS OF TEXAS, LLC § § **Defendants.** § | Civil Action No. 1:23-cv-01387 |

### DEFENDANTS JOINT PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT

Randstad US, LLC ("Randstad"), Ryder Integrated Logistics, Inc. ("Ryder") and Ryder Integrated Logistics of Texas, LLC ("Ryder Texas") (collectively referred to as "Defendants") and pursuant to Rule 12(b)(6),[1] submit this Joint Partial Motion to Dismiss and Brief in Support and respectfully asks this Court to dismiss Plaintiff's tortious interference cause of action with prejudice.[2]

### FACTS[3]

Plaintiff claims Defendants hired him in June 2022. (Petition ¶ 13.) Plaintiff can speak Spanish. (*Id*. ¶ 15.) While at work, Plaintiff spoke Spanish to certain workers who did not speak English or who spoke limited English. (*Id*. ¶ 16.) Plaintiff claims he was called derogatory terms

---

[1] By filing this Motion, Defendants do not forfeit or waive any claim or defense regarding the fraudulent joinder of Defendant Ryder Texas, LLC in this Lawsuit.

[2] The filing of a partial motion to dismiss postpones the deadline to file an answer. *Banik v. Thompson*, No. 7:16-cv-00462, 2017 WL 11713709, at *1 (S.D. Tex. Dec. 11, 2017).

[3] For purposes of this motion only, Randstad assumes (but does not concede) the truth of the facts in Plaintiff's Petition.

in Spanish by some co-workers, but "did not report this because he did not want to lose his job." (*Id*. ¶¶ 17-18.)

On July 7, 2022, Plaintiff was informed by a supervisor that some co-workers "had an issue with him speaking Spanish at work," and was sent home before the end of his shift. (*Id*. ¶¶ 27-29.) The next day, Plaintiff provided a statement regarding the allegations and went to work. (*Id*. ¶¶ 30-31.) Plaintiff was told Jonathan Gann would speak with him on July 11 and that he was "good to stay." (*Id*. ¶¶ 31-32.) The next day, on July 9, 2022, Plaintiff was notified "that his job was ended due to a policy violation." (*Id*. ¶ 35.) Gann did not contact Plaintiff on July 11. (*Id*. ¶¶ 36-37.) The next day, Plaintiff told his "new lead, Dustin" about the "derogatory names he was called previously" and Dustin told him how to contact human resources. (*Id*. ¶¶ 38-39.) "Later that day, Jonathan Gann terminated Plaintiff." (*Id*. ¶ 41.) Gann told Plaintiff he was "fired because 'The females decided that you were making fun of their language, they took offense to it." (*Id*. ¶¶ 42-43) Plaintiff alleges he "got a new job a few weeks after he was terminated." (*Id*. ¶ 50.)

Based on the above facts, Plaintiff asserts the following cause of action for tortious inference with existing contractual relations:

> Plaintiff had a contract with a third party. Defendants willfully (sic) intentionally interfered with the contract. The interference proximately caused Plaintiff's injury. Plaintiff suffered actual damage or loss for which he now sues.

(*Id*. ¶ 62.)

Plaintiff also asserts Defendants wrongfully discharged him because of his race, in violation of Chapter 21 of the Texas Labor Code (the "TCHRA"). (*Id*. ¶¶ 51-61.)

## LEGAL FRAMEWORK

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016), *cert. denied*, 137 S.Ct. 1339 (2017).

## **PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE**

The Petition fails to state a claim for tortious interference with existing contractual relations because Plaintiff pleads only vague and conclusory facts, which do not establish each element of the claim beyond the speculative level. For example, notably absent from the Petition is any fact establishing what contract was purportedly interfered with, or whether it was an existing or prospective contract. Also absent is any fact establishing the identity of the alleged "third party" with whom Plaintiff had a contract that was allegedly interfered with—or who supposedly interfered with said contract, or how. Plaintiff's Petition therefore fails to state a claim for tortious interference. *See, e.g.*, *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 774 (S.D. Tex. 2010) (dismissing plaintiff's tortious interference with contract claim because "while [plaintiff] avers that it 'had

valid contracts with certain customers,' it fails entirely to allege or designate a specific contract that is the subject of interference.").

Moreover, to the extent Plaintiff argues that Defendants interfered with his at-will contract of employment by removing him from the facility, ending his temporary assignment, and/or terminating his employment, that too fails to state a claim as a matter of law. While Plaintiff claims all Defendants were his "employer," an employer cannot interfere with the at-will contract of its own employees. *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995) (a foundational principle of tortious interference with contract case law is "the logically necessary rule that a party cannot tortiously interfere with its own contract"); *see also Morgan Stanley & Co. v. Tex. Oil Co.*, 958 S.W.2d 178, 179 (Tex. 1997) ("[A] person must be a stranger to a contract to tortiously interfere with it. . .").

Finally, to the extent Plaintiff's tortious interference claim is based on or predicated on his allegation that his employment was unlawfully terminated due to his race, such a claim is preempted by his statutory claim under the TCHRA. The TCHRA sets forth a comprehensive remedial scheme for the redress of discrimination claims, which supplants all common law causes of action that may arise from the same conduct. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796 (Tex. 2010); *City of Waco v. Lopez*, 259 S.W.3d 147 (Tex. 2008). Consequently, Plaintiff's tortious interference claim is also preempted. *See Pruitt v. Int'l Ass'n. of Fire Fighters*, 366 S.W.3d 740 (Tex. App.—Texarkana 2012, no pet.) (affirming trial court's dismissal that plaintiff's claims for intentional infliction of emotional distress, breach of fiduciary duty, and tortious interference with employment relations were preempted by the TCHRA because the facts giving rise to plaintiff's common-law causes of action were "inextricably intertwined" with the facts giving rise to the discrimination claim, which was the "gravamen" of the lawsuit).

## **CONCLUSION AND PRAYER FOR RELIEF**

Plaintiff's Petition fails to state a plausible claim for tortious interference. That claim is also preempted by his statutory discriminatory discharge claim. Consequently, any amendment would be futile, and the claim should be dismissed with prejudice.

Dated: November 17, 2023

    Respectfully submitted,

    */s/ Esteban Shardonofsky*
    Esteban Shardonofsky
    Texas Bar No. 24051323
    Stephanie Johnson Manning
    Texas Bar No. 24099422
    SEYFARTH SHAW SHAW LLP
    700 Milam St., Suite #1400
    Houston, Texas 77002-2812
    Direct: 713-225-1001, Fax: 713-821-0657
    sshardonofsky@seyfarth.com;
    smanning@seyfarth.com

    **ATTORNEYS FOR DEFENDANT**
    **RANDSTAD US, LLC**

    */s/ Hunter Johnson w/permission*
    Hunter Johnson
    Texas Bar No. 10753900
    E-mail: hjohnson@constangy.com
    Direct (214) 646-3421
    Aarika N. Johnson
    Texas Bar No. 24120927
    E-mail: anjohnson@constangy.com
    Direct (214) 646-3424
    CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
    1201 Elm Street, Suite 2550
    Dallas, TX 75270
    Main: 214.646.3421 • Fax: 214.749.0078

    **ATTORNEYS FOR DEFENDANTS**
    **RYDER INTEGRATED LOGISTICS, INC. and**
    **RYDER INTEGRATED LOGISTICS OF TEXAS,**
    **LLC**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 17, 2023, the foregoing document was filed using the electronic filing system, which will transmit a notice of filing to all counsel of record, as follows:

  Andrew E. Lemanski
  Texas Bar No. 24046288
  ANDREW E. LEMANSKI & ASSOCIATES
  9600 Long Point. Ste. 150
  Houston, Texas 77055
  Tel. (713) 515-2826, Fax (713) 583-9401
  Email: andylemanski@yahoo.com
  Service Email: b5valen47370@gmail.com

            */s/ Esteban Shardonofsky*
            Esteban Shardonofsky