UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACOB RENFRO, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:23-cv-01387 |
| RANDSTAD US, LLC; | § | |
| RYDER INTEGRATED LOGISTICS, | § | |
| INC.; and RYDER INTEGRATED | § | |
| LOGISTICS OF TEXAS, LLC | § | |
| | § | |
| **Defendants.** | § | |

**REPLY IN SUPPORT OF JOINT PARTIAL MOTION TO DISMISS
AND RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO AMEND**

COME NOW, Randstad US, LLC ("Randstad"), Ryder Integrated Logistics, Inc. ("Ryder") and Ryder Integrated Logistics of Texas, LLC ("Ryder Texas"), (collectively referred to as "Defendants") and pursuant to Federal Rule of Civil Procedure 12(b)(6), submit this Reply in Support of Defendants' Joint Partial Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Leave to Amend.

**I.    ARGUMENT**

**A.    Plaintiff's Tortious Interference Claim Against Ryder Defendants Should Be Dismissed Because it Fails to State a Claim for Relief That is Plausible on its Face.**

Even considering the amendments proffered by Plaintiff in response to Defendants' Joint Partial Motion to Dismiss, Plaintiff's attempt to impose liability upon Ryder Defendants for tortious interference of his purported at-will employment contract with Randstad cannot meet threshold plausibility requirements. Notably, Plaintiff alleges in both his Original Petition initially filed in Travis County and in his First Amended Complaint attached to his Motion for Leave to Amend that "*all Defendants* had the ability to hire and fire employees (including Plaintiff), set

policy that effected Plaintiff, controlled the business, and were a vice-principal and/or alter-ego of one another such that they ***constituted one employer for purposes of law***."[1] Both pleadings also assert causes of action for race discrimination under the Texas Labor Code and tortious interference with contract.[2] Plaintiff has amended only the latter claim to avoid dismissal by attempting to establish Ryder Defendants as strangers to his employment relationship with Randstad, while leaving the joint employer theory fully intact for purposes of supporting the race discrimination claim.

Plaintiff's amended tortious interference claim would expressly apply only to Ryder Defendants for their "inadequate investigation" of Plaintiff's allegedly harassing conduct.[3] Plaintiff therefore concedes that he has no tortious interference claim against Randstad,[4] and in addition to the remaining deficiencies discussed in detail below, this compels dismissal of the claim against Randstad. In support of the amended tortious interference claim, Plaintiff seeks to add previously omitted statements allegedly made by Randstad employee Jonathan Gann during Plaintiff's termination which conveniently speak directly to Randstad and Ryder's contractual relationship. Plaintiff asserts these amendments remedy the deficiencies in his original pleading by "sufficient[ly] identify[ing] that Ryder was the third party that interfered with Plaintiff's contract with Randstad."[5] It is clear that these amendments are futile to state a claim against the

---

[1] *Compare* Pl.'s Orig. Pet., ECF No. 1-4 ¶ 12 *with* Pl.'s First Am. Compl., ECF No. 19-1 ¶ 11 (emphasis added).

[2] *Compare* Pl.'s Orig. Pet., ECF No. 1-4 ¶¶ 51-61 and ¶ 62 *with* Pl.'s First Am. Compl., ECF No. 19-1 ¶¶ 54-64 and ¶ 65.

[3] *See* Pl.'s Orig. Pet., ECF No. 1-4 ¶ 65.

[4] *See* Pl.'s Resp. to Def.'s Joint Partial Mot. to Dismiss, ECF No. 19 at 3 (". . .Plaintiff has provided an amended complaint that makes it clear Plaintiff's claims of tortious interference are against only the Ryder Defendants. . .").

[5] Pl.'s Resp. to Def.'s Joint Partial Mot. to Dismiss, ECF No. 19 at 3.

Ryder Defendants, and that the tortious interference cause of action is implausible on its face as to all Defendants.

> ### i. *Plaintiff cannot maintain a tortious interference claim against Ryder Defendants because Ryder Defendants were not strangers to the purported contract between Plaintiff and Randstad.*

Plaintiff continues to lodge incongruent arguments where Ryder Defendants are both his joint employer when he seeks to hold all Defendants liable for discrimination in his employment and yet also not his employers when he seeks to hold Ryder Defendants liable for tortious interference with his employment relationship with Randstad. Taking Plaintiff's factual allegations as true that the Ryder Defendants and Randstad "***constituted one employer for purposes of law,***"[6] the tortious interference cause of action cannot stand.

Even assuming *arguendo* that there was an at-will employment contract between Plaintiff and Randstad capable of interference from Ryder Defendants, it is axiomatic that a party cannot tortiously interfere with its own contract.[7] "To be legally capable of tortious interference, the defendant ***must be a stranger to the contract*** with which he allegedly interfered."[8] There also can be no tortious interference when there is a complete identity of interests between a party to a contract and the defendant who is accused of interfering with the contract.[9] Plaintiff does not dispute this established precedent. Instead, he responds that his proposed amendments make clear that Ryder Defendants are third parties to the employment contract between Plaintiff and Randstad.[10] The fatal flaw in this reasoning is that it is entirely inconsistent with Plaintiff's

---

[6] *See* Pl.'s Orig. Pet., ECF No. 1-4 ¶ 12 and Pl.'s First Am. Compl., ECF No. 19-1 ¶ 11 (emphasis added).
[7] *See Holloway v. Skinner,* 898 S.W.2d 793, 795 (Tex. 1995).
[8] *Id.* (emphasis added).
[9] *Id.* at 797.
[10] *Id.* at 2-3.

unamended discrimination claim, whereby he continues to allege that the Ryder Defendants were his employer.[11] This reasoning is also undermined by many of his own allegations of fact, still included in his proposed Amended Complaint, which assert all Defendants were his employer.[12]

Thus, on the one hand, Plaintiff asserts all of the same allegations and claims against Ryder Defendants that he has against Randstad related to his employment, while on the other hand, Plaintiff wants to allege that Ryder Defendants tortiously interfered with Plaintiff's employment contract with Randstad,[13] which is not possible in the context of a joint employer who is not a stranger to the employment relationship.[14] By continuing to maintain that Ryder Defendants were joint employers of Plaintiff, Plaintiff concedes that Ryder Defendants are *not strangers* to the purported contract of employment between Plaintiff and Randstad, as required to impute any liability upon them.

### ii. Plaintiff cannot maintain a tortious interference claim against Ryder Defendants because he has failed to plead a specific contractual provision allegedly breached.

To prevail on a claim for tortious interference with an existing contract, the plaintiff must present evidence that the defendant induced the plaintiff's co-contracting party to breach the contract, and thus interfered with the plaintiff's legal rights under the contract.[15] The Fifth Circuit has opined that this requirement "leaves little doubt that a breach must result from the defendant's conduct in order for the plaintiff to prevail."[16] Although a tortious interference claim can be made

---

[11] *See* Pl.'s First Am. Compl., ECF No. 19-1 ¶¶ 54-66 and Pl.'s Orig. Pet., ECF No. 1-4 ¶¶ 51-61.

[12] *See, e.g.*, *id.* ¶¶ 11-12, 14, 16, 18-25, 54-64.

[13] *See id.* ¶ 65.

[14] *See, e.g.*, *Sapp v. Chamberlain College of Nursing*, No. 4:19-CV-2076, 2020 WL 3871360, at *7 (S.D. Tex. July 9, 2020) (holding that the plaintiff's tortious interference with a contract claim against [defendant] failed because she specifically alleged that the contract at issue was her employment relationship with [defendant]).

[15] *El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W. 3d 412, 421-22 (Tex. 2017).

[16] *WickFire, LLC v. Laura Woodruff*, 989 F.3d 343, 354 (5th Cir. 2021).

with an at-will employment contract,[17] "[o]rdinarily, merely inducing a contract obligor to do what

it has a right to do is not actionable interference."[18] For interference by a third party to be actionable

in the at-will employment context, it must either involve an inducement to violate a specific

contractual provision or involve an otherwise tortious or unlawful act.[19]

The *El Paso Healthcare* decision is particularly analogous here. There, the plaintiff, Laura

Murphy, worked as an independent contractor and had a contract with West Texas OB Anesthesia

in El Paso ("West Texas OB") to perform services as a certified registered nurse anesthetist.[20]

West Texas OB had a contract with El Paso Healthcare's Las Palmas Medical Center ("Las

Palmas") whereby it provided medical staff to the medical center when needed.[21] A dispute

occurred between Murphy and a physician at Las Palmas that prompted an investigation by Las

Palmas.[22] During the investigation, Las Palmas asked that Murphy not be assigned to the medical

center.[23] Murphy alleged that Las Palmas tortiously interfered with her existing contract with West

Texas OB by requesting that she not be scheduled at Las Palmas while it conducted its

investigation.[24] The Texas Supreme Court found that neither Las Palmas nor West Texas OB were

contractually required to offer Murphy any assignments and she was not required to accept any

assignments that were offered.[25] Thus, an obligation to provide employment was not a term of

---

[17] *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 689 (Tex. 1989).

[18] *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997).

[19] *See, e.g.*, *Lazer Spot, Inc. v. Hiring Partners, Inc.*, 387 S.W.3d 40, 53 (Tex. App.—Texarkana 2012, pet. denied); *John Paul Mitchell Sys. v. Randalls Food Markets, Inc.*, 17 S.W.3d 721, 731 (Tex. App.—Austin 2000, pet. denied) ("A necessary element of the plaintiff's cause of action is a showing that the defendant took an active part in persuading a party to a contract to breach it.").

[20] *El Paso Healthcare*, 518 S.W.3d at 414.

[21] *Id.*

[22] *Id.* at 415, 420.

[23] *Id.*

[24] *Id.* at 420.

[25] *Id.* at 414.

**REPLY IN SUPPORT OF JOINT PARTIAL MOTION TO DISMISS AND**
**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO AMEND**                    **PAGE 5**

Murphy's existing contract with West Texas OB, and Las Palmas had not interfered with Murphy's contract absent a breach of the agreement.[26] Just like the Court found that Las Palmas could not tortiously interfere with Murphy's independent contractor contract where an obligation to provide employment was not a term of Murphy's existing contract with West Texas OB, Ryder Defendants cannot tortiously interfere with Plaintiff's at-will contract where an obligation to provide employment is not a term of Plaintiff's employment contract with Randstad.

### iii. Plaintiff cannot maintain a tortious interference claim against Ryder Defendants because he has failed to plead a willful act.

While the proposed amended pleading states in a conclusory manner that Ryder Defendants willfully and intentionally interfered with his at-will employment contract with Randstad,[27] there is very little by way of specific facts to support this allegation. Instead, Plaintiff vaguely alleges that Ryder Defendants, coupled together indiscriminately, did not complete an adequate investigation.[28] This vague, conclusory restatement of the law is insufficient on its face to plead a viable cause of action for tortious interference.

"[T]o establish the element of a willful and intentional act of interference, a plaintiff must produce some evidence that the defendant was more than a willing participant and knowingly induced one of the contracting parties to breach its obligations under a contract."[29] There must be *some act* interfering with a contract or persuading a party to breach.[30] Plaintiff's sole attempt to plead a willful or knowing act by Ryder Defendants is to allege they conducted an "inadequate investigation" because they allegedly failed to interview Plaintiff, a proposition that is undermined

---

[26] *Id.* at 422.

[27] *Id.* ¶ 65.

[28] *Id.* ¶¶ 26-34, 65.

[29] *Funes v. Villatoro*, 352 S.W.3d 200, 213 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

[30] *Davis v. HydPro,* 839 S.W.2d 137, 139 (Tex. App.—Eastland 1992, writ denied).

by Plaintiff's own inconsistency. Namely, he asserts no Defendant contacted him to obtain his statement but yet also asserts that he provided a statement upon request for the investigation.[31] Regardless, Plaintiff has not sufficiently pled that this amounts to a breach of his at-will employment contract with Randstad or otherwise constitutes an unlawful act. His personal opinion that an interview is a "basic requirement of any legitimate investigation"[32] is not sufficient grounds to hold any Defendant liable under a tortious interference theory.[33]

### iv. Plaintiff cannot maintain a tortious interference claim against Ryder Defendants due to statutory preemption.

Finally, Plaintiff has not meaningfully disputed that his tortious interference claim is preempted by his statutory claim under the TCHRA. Plaintiff contends his claim is not preempted solely because "Plaintiff is not making a tortious interference claim against his employer. Those claims are against the third-party Ryder Defendants."[34] This response is not only inaccurate (as discussed above, Plaintiff continues to plead that Ryder Defendants were joint employers), but it is immaterial. The preemption of Plaintiff's tortious interference claim is not based on the joint employer status of Ryder Defendants, but on the tortious interference claim being based on the

---

[31] *See id.* ¶¶ 29-30.

[32] *Id.* ¶ 65.

[33] *See, e.g.*, *Medlock v. Ace Cash Exp., Inc.*, 589 Fed. App'x 707, 710 (5th Cir. 2014) (rejecting the plaintiff's argument that the defendant did not have a good faith belief that she engaged in misconduct because it did not conduct a proper investigation and holding evidence of an improper investigation does not establish a discriminatory motive); *see also Arey v. Watkins*, 385 F. App'x 401, 404 (5th Cir. 2010) citing *LeMaire v. La. Dep't of Transp. & Dev. ex rel Louisiana*, 480 F.3d 383, 391 (5th Cir. 2007) (the Fifth Circuit "require[s] [a plaintiff] to do more than show that [the employer's] investigation… was inadequate and that a more thorough investigation would have shown [the plaintiff's] good qualities. Discrimination law addresses only discrimination, not general unfairness in employment relationships.").

[34] Pl.'s Resp. to Def.'s Joint Partial Mot. to Dismiss, ECF No. 19 at 3.

**REPLY IN SUPPORT OF JOINT PARTIAL MOTION TO DISMISS AND**
**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO AMEND**                    **PAGE 7**

same set of operative and intertwined facts underlying his race discrimination claim.[35] Because

Plaintiff is seeking to hold Ryder Defendants liable for tortious interference based on the same set

of facts he seeks to hold all Defendants liable for discrimination, the tortious interference claim is

plainly preempted by the TCHRA.

**B.      Because the Amended Complaint is Legally Insufficient on its Face, Defendants'
Motion to Dismiss Should be Granted, Notwithstanding Plaintiff's Motion for Leave
to Amend.**

Just like the original pleading, the amended pleading fails to state a claim for tortious

interference against Ryder Defendants. The Court should thus deny Plaintiff's motion for leave to

amend because the amendment would be futile as to the Ryder Defendants and should dismiss the

claim with prejudice as to all Defendants.[36]

> ***i.   The Court should deny Plaintiff's motion for leave to amend because it
> advances a tortious interference claim that is legally insufficient on its
> face.***

The Court should deny Plaintiff's motion for leave to amend its complaint because the

claim subject to dismissal—the tortious interference claim against Ryder Defendants—is legally

insufficient on its face. Leave to amend is by no means automatic.[37] Whether to grant leave to

amend "lies within the sound discretion of the district court."[38] A district court reviewing a motion

to amend pleadings considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3)

---

[35] *See Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 562-63 (S.D. Tex. 1999), *aff'd*, 224 F.3d 765
(5th Cir. 2000) (collecting cases holding tortious interference claims are preempted by the
TCHRA where they arise from the same behavior comprising discrimination claims).
[36] Randstad does not oppose the proposed amendment.
[37] *See Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D.
Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).
[38] *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992).

repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing

party; and (5) *futility of amendment*.[39]

A proposed amendment is futile if it fails to state a claim on which relief could be granted

under the Rule 12(b)(6) standard.[40] Therefore, a plaintiff should be denied leave to amend if the

court determines that the "proposed amendment ... clearly is frivolous" or "advanc[es] a claim or

defense that is legally insufficient on its face."[41] Plaintiff's proposed amendments are inherently

futile. Plaintiff's amendments reveal glaring inconsistencies that are uncurable even if Plaintiff is

granted another opportunity to amend so long as he maintains both causes of action against Ryder

Defendants. There can be no plausible claim of tortious interference where there is a simultaneous

claim of race discrimination which both rely on opposite findings as to the Ryder Defendants'

status as Plaintiff's employer. As discussed above, Plaintiff's tortious interference claim is not

plausible on its face, and his purported amendments only further illuminate this. Plaintiff's motion

for leave should be rightfully denied.[42]

> ii. *Defendants' joint partial motion to dismiss is not moot if Plaintiff's amended complaint becomes the operative pleading because the amendment fails to cure the defects in its tortious interference claim.*

---

[39] *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis added).

[40] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). *See also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, *unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal*.") (emphasis added).

[41] 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (3d ed. 2010); *see also Rio Grande Royalty Co. v. Energy Transfer Partners,* 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.")

[42] *See Buchanan v. U.S. Bank, N.A.*, Civ. No. H-13-3525, 2014 WL 3045107, at *3 (S.D. Tex. July 3, 2014) (stating that "a plaintiff should be denied leave to amend a complaint if the court determines that the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face").

**REPLY IN SUPPORT OF JOINT PARTIAL MOTION TO DISMISS AND**
**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO AMEND**                    **PAGE 9**

Even if Plaintiff's motion for leave to amend his complaint is granted, the deficiencies in the amended pleading nonetheless render his tortious interference claim ripe for dismissal. While an amended pleading ordinarily moots a previously filed motion to dismiss, the court has discretion to apply an original motion to dismiss to an amended complaint.[43]

The amended pleading fails to cure the defects in Plaintiff's tortious interference claim. Because Plaintiff's claims against Ryder Defendants are mutually inconsistent, no subsequent amendment could cure the defects absent the removal of Ryder Defendants entirely as a defendant to one of Plaintiff's causes of action. This Court should accordingly apply Defendants' previously filed Joint Partial Motion to Dismiss (ECF No. 14) to Plaintiff's First Amended Complaint (ECF No. 19-1) and find that Plaintiff's tortious interference claim is suitable for dismissal.

## II.    CONCLUSION AND PRAYER FOR RELIEF

Plaintiff's Complaint, even with amendments, fails to state a plausible claim for tortious interference against Ryder Defendants or Randstad. That claim is also preempted by his statutory discriminatory discharge claim. Consequently, any amendment, including the one proffered by Plaintiff along with his motion for leave to amend, would be and is futile, and the claim should be dismissed as to all Defendants with prejudice.

---

[43] *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, Civ. No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017) ("a motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot"); *see also Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 331 n.1 (5th Cir. 2011) (where a motion to dismiss is filed before an amended complaint but the amended complaint fails to cure the alleged defects, a court may consider the motion to dismiss with respect to the amended complaint).

Dated: January 9, 2024

Respectfully submitted,

*/s/ Esteban Shardonofsky*
Esteban Shardonofsky
Texas Bar No. 24051323
Stephanie Johnson Manning
Texas Bar No. 24099422
SEYFARTH SHAW LLP
700 Milam St., Suite #1400
Houston, Texas 77002-2812
Direct: 713-225-1001, Fax: 713-821-0657
SShardonofsky@seyfarth.com;  smanning@seyfarth.com

**ATTORNEYS FOR DEFENDANT
RANDSTAD US, LLC**

*/s/ Hunter Johnson*
Hunter Johnson
Texas Bar No. 10753900
E-mail: hjohnson@constangy.com
Direct (214) 646-3421
Aarika N. Johnson
Texas Bar No. 24120927
E-mail: anjohnson@constangy.com
Direct (214) 646-3424
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
1201 Elm Street, Suite 2550
Dallas, TX 75270
Main: 214.646.3421 • Fax: 214.749.0078

**ATTORNEYS FOR DEFENDANTS
RYDER INTEGRATED LOGISTICS, INC. and
RYDER INTEGRATED LOGISTICS OF TEXAS,
LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024, the foregoing document was filed using the electronic filing system, which will transmit a notice of filing to all counsel of record, as follows:

Andrew E. Lemanski
Texas Bar No. 24046288
ANDREW E. LEMANSKI & ASSOCIATES
9600 Long Point. Ste. 150
Houston, Texas 77055
Tel. (713) 515-2826, Fax (713) 583-9401
Email: andylemanski@yahoo.com
Service Email:  b5valen47370@gmail.com


*/s/ Hunter Johnson*
Hunter Johnson