UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JACOB RENFRO,<br>*Plaintiff* § § § | |
| v. § § | No. 1:23-CV-01387-DII |
| RYDER INTEGRATED<br>LOGISTICS OF TEXAS, LLC,<br>RYDER INTEGRATED<br>LOGISTICS, INC., RANDSTAD<br>US, LLC,<br>*Defendants* § § § § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Randstad US, LLC ("Randstad"), Ryder Integrated Logistics, Inc. ("Ryder"), and Ryder Integrated Logistics of Texas, LLC's ("Ryder Texas") (collectively, "Defendants") Partial Motion to Dismiss. Dkt. 14. After reviewing the relevant pleadings and the caselaw, the undersigned recommends that the motion be granted.

### I.   BACKGROUND

Around June 16, 2022, Defendants hired Plaintiff Jacob Renfro. Dkt. 1-4, at 4.[1] Renfro alleges that he performed his job well without discipline or other problems. *Id.* Renfro is a Caucasian male and regularly spoke Spanish to other workers who did

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Renfro's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

1

not speak English or who spoke limited English. *Id.* While working for Defendants, Renfro was called "mono," "gringo," and "white boy" by other employees. *Id.* at 4-5. The same workers had used derogatory remarks when describing Black workers and when speaking to other Hispanic workers. *Id.* at 5. Renfro did not report these comments because he was worried about losing his job. *Id.*

On July 7, 2022, a supervisor contacted Renfro and informed him that some coworkers had an issue with him speaking Spanish at work. *Id.* at 6. Renfro was sent home early and told that someone would talk to him later that day. *Id.* The next day, Renfro received an email asking him to give a statement before he went to work. *Id.* Renfro gave a statement and then went to work. *Id.* The next day, Renfro received notice that his job was terminated due to a policy violation. *Id.* During a later conversation with an individual named Jonathan Gann, Renfro was told that he was fired because "[t]he females decided that you were making fun of their language, they took offense to it." *Id.* at 7.

Renfro filed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division. *Id.* The EEOC issued a "right to sue" letter on July 6, 2023. *Id.* Renfro then sued Defendants, alleging claims of racial discrimination under the Texas Labor Code and of tortious interference with existing contractual relationships. *Id.* at 8-9. Defendants filed a Joint Partial Motion to Dismiss Renfro's tortious-interference cause of action, Dkt. 14, which is now before the undersigned for consideration.

## II.     LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities,*

*Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   DISCUSSION

Renfro asserts the following cause of action for tortious interference with existing contractual relations:

> Plaintiff had a contract with a third party. Defendants willfully (sic) intentionally interfered with the contract. The interference proximately caused Plaintiff's injury. Plaintiff suffered actual damage or loss for which he now sues.

Dkt. 1-4, at 9. In Texas, "[t]he elements of a tortious interference with contract claim are: (1) the existence of a contract subject to interference, (2) willful and intentional interference, (3) that proximately causes damage, and (4) actual damage or loss." *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 776 (S.D. Tex. 2010).

Defendants argue that Renfro's allegations are vague and conclusory and do not establish each element of the claim beyond the speculative level. Dkt. 14, at 3. For instance, Renfro does not allege what contract was interfered with, or whether it was an existing or prospective contract. *Id*. Also absent from the complaint is any fact

4

identifying the "third party" with whom Renfro had an interfered-with contract. *Id.* The complaint also does not mention who supposedly interfered with the contract, or how. The undersigned accordingly finds that Renfro fails to state a claim for tortious interference. *See M-I LLC*, 733 F. Supp. 2d at 774 (dismissing plaintiff's tortious-interference-with-contract claim because "while [plaintiff] avers that it 'had valid contracts with certain customers,' it fails entirely to allege or designate a specific contract that is the subject of interference").

To the extent Renfro argues that Defendants interfered with his at-will contract by terminating his employment, that too fails to state a claim as a matter of law. An employer cannot interfere with the at-will contract of its own employees. *See Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995) ("[A] party cannot tortiously interfere with its own contract.").

Finally, to the extent that Renfro bases his tortious-interference claim on his allegation of racial discrimination, that claim is preempted by Renfro's statutory claim under the Texas Labor Code ("TCHRA"). *See Pruitt v. Int'l Ass'n of Fire Fighters*, 366 S.W.3d 740, 750 (Tex. App.—Texarkana 2012, no pet.) (affirming judgment finding that plaintiff's claim for tortious interference with employment relations were preempted by the TCHRA because the facts giving rise to plaintiff's common-law causes of action were "inextricably intertwined" with the facts giving rise to the discrimination claim); *see also Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 812 (Tex. 2010) (holding that conduct forming the basis of a statutory TCHRA

5

claim against an employer cannot also form the basis of common-law negligence claims against the same employer).

Recognizing the deficiencies in his complaint, Renfro seeks leave to amend in his Response. Dkt. 19, at 2-4. As support, Renfro submitted his proposed amended complaint as an exhibit. Dkt. 19-1. The proposed amended complaint alleges that Randstad was Renfro's employer, and provides the specific statements made by Jonathan Gann that support that claim. *Id.* at 7. The proposed amended complaint also makes clear that Renfro's claims of tortious interference are against the Ryder defendants only, who Renfro alleges are third parties to his employment contract. *Id.* at 9-10.

The undersigned concludes that any amendment would be futile and therefore recommends against allowing Renfro leave to amend. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile," meaning "that the amended complaint would fail to state a claim upon which relief could be granted."). Even were the Court to allow Renfro to amend his complaint, his tortious-interference claim would still be preempted by the TCHRA. Renfro tries to refute that point, arguing that his "claims for tortious interference are not preempted by the TCHRA because [he] is not making a tortious interference claim against his employer. Those claims are against the third-party Ryder defendants." Dkt. 19, at 3. But that is irrelevant. What is important for preemption purposes is that Renfro's tortious-interference claim is based on the same set of operative and intertwined facts that underlie his

6

race-discrimination claim. *See supra* at 5-6; *see also Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 562-63 (S.D. Tex. 1999), *aff'd*, 224 F.3d 765 (5th Cir. 2000) (collecting cases holding tortious-interference claims are preempted by the TCHRA where they arise from the same behavior comprising discrimination claims).

To recap, Renfro's tortious-interference claim should be dismissed with prejudice because it fails to state a claim upon which relief can be granted. Renfro's request for leave to amend should be denied because any amendment would be futile, as Renfro's tortious interference claim is preempted by the TCHRA.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Partial Motion to Dismiss, Dkt. 14. Specifically, Renfro's claim for tortious interference should be **DISMISSED WITH PREJUDICE**, and the Court should **DENY** Renfro leave to amend. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Judge's docket and returned to the docket of the United States District Judge.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after

7

the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED July 19, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE